UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVE BUSSA *et al.*, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:23-cv-773 DRL-MGG |
| ACE AMERICAN INSURANCE CO. *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Steve and Jill Bussa sues ACE American Insurance Company for underinsured motorist benefits under a policy that insured her work vehicle. ACE moves to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6). The Bussas agree that dismissal may be appropriate, but request dismissal without prejudice so they may refile in the future should they find an underinsured motorist insurance policy in discovery. The court grants the motion without prejudice.

BACKGROUND

Taking the well-pleaded allegations in the complaint as true, the following facts emerge for today's motion. On June 23, 2023, Jill Bussa was driving a 2021 Chevrolet Blazer westbound on Interstate 80. Sukhjit Singh rear-ended her vehicle at high speed with a 2020 Volvo semitruck trailer registered to Cali Road Line Inc. She suffered serious injuries. Her vehicle was registered to her employer, Arby's Restaurant Group, and she operated it with permission. According to the complaint, ACE American Insurance Company provided underinsured motorist coverage.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56…or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citation omitted). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735.

DISCUSSION

The central premise of the Bussas' claim is that ACE provided underinsured motorist coverage on the Arby's Chevrolet Blazer involved in the accident. ACE argues that this allegation is contradicted by the terms of the business auto insurance policy with Arby's. ACE offers a Schedule of Named Insureds that lists Arby's Restaurant Group and an Uninsured Motorist/Underinsured Motorist Coverage Summary. The coverage summary says underinsured motorist coverage is not provided for vehicles principally garaged or registered in the several states listed. Because the complaint refers to insurance coverage provided by ACE, the court considers these documents.[1]

---

[1] At this stage, the court does not consider the Indiana Officer's Standard Crash Report attached by ACE. Because it was not referenced or incorporated in the complaint, it falls outside the scope of the pleadings.

The Bussas do not dispute the authenticity of the policy documents or argue that they are not reflective of the insurance policy that their complaint references. The Bussas admit that the policy does not appear to provide coverage for the vehicle. An attached document of unquestioned veracity overrides any contradictory allegations in the complaint. *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 543 (7th Cir. 2007) ("Where an exhibit and the complaint conflict, the exhibit typically controls."). The Bussas highlight that ACE did not attach an affidavit supporting the policy documents, so discovery or further investigation may alter the current state of knowledge, but no more today is needed to act upon the pleading and essential documents undergirding its allegations. *See Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002). The claim against ACE isn't plausible. *See Twombly*, 550 U.S. at 570.

ACE requests that the court dismiss the claim with prejudice. The Bussas request that the dismissal be without prejudice so they may refile if appropriate. They hold out hope that a different insurance policy with underinsured motorist coverage may be uncovered, perhaps during discovery. Whether to dismiss a case with or without prejudice is a matter within the court's discretion, *see Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), and foreclosing any means of amendment without the benefit of additional discovery against the other parties locks the door when it merely needs closed at this point, *see DeSalle v. Wright*, 969 F.2d 273, 277-78 (7th Cir. 1992) (permitting amendment unless futile).

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss [38] and DISMISSES WITHOUT PREJUDICE ACE American Insurance Company.

SO ORDERED.

June 5, 2024                                             *s/ Damon R. Leichty*
                                                        Judge, United States District Court