UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JILL BUSSA and STEVE BUSSA,

    Plaintiffs,

v.

ACE AMERICAN INSURANCE COMPANY
*et al.*,

    Defendants.

CAUSE NO. 3:23cv773 DRL-SJF

## OPINION AND ORDER

After a rear-end collision, Steve and Jill Bussa sued semitruck driver Sukhjit Singh and his employer, Cali Road Line, Inc. (Cali). They allege various negligence theories and loss of consortium. They request punitive damages from both defendants. Under Rules 12(b)(6) and 12(c), the defendants ask the court to dismiss the requests for punitive damages and to dismiss the claim of owner's liability against Cali. In response, the Bussas, in part, ask the court for leave to amend their complaint for the first time to include facts that were not available to them at the time they filed suit. Although the Bussas should have done this by way of a separate motion, the court grants their request.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Mach. Inc.*, 191 F.3d 790, 794 (7th Cir. 1999) (*quoting Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). But "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend [when] there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or [when] the amendment would be futile." *Id.* (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Justice favors the diligent.

The last day for the Bussas to amend their complaint under the scheduling order was April 15, 2024. The Bussas thus must establish good cause for amending their complaint. *See* Fed. R. Civ. P.

16(b)(4); *Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011). The "primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720 (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). The Bussas offer good cause for the amendment, as the facts they seek to plead only became available during discovery.

Further, the additional facts are consistent with and pertain to the same claims asserted in the original complaint—the Bussas are not now attempting to introduce a new theory of their case. *See J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.,* 265 F.R.D. 341, 352 (N.D. Ind. 2010)*; cf. Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (upholding denial of leave to file amended complaint when proposed complaint "contained 'new complex and serious charges' which would undoubtedly require additional discovery for the defendants to rebut."). The amendment also would not be prejudicial or cause delay, as it would not postpone resolution of the case; discovery does not close until February 20, 2025. *See Ferguson*, 11 F.3d at 706-07.

No one argues that the proposed amendment would be futile. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008); *see, e.g., Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. And N.w. Indiana*, 786 F.3d 510, 524 (7th Cir. 2015). The two remaining defendants argue that the court should not consider the various attachments to the response—and they are right on this point—but they do not argue futility. And, though a "complaint may not be amended by the briefs in an opposition to a motion to dismiss," *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), the court may "consider additional facts set forth in" a brief opposing dismissal "so long as those facts are consistent with the pleadings," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (citation omitted); *see, e.g., Jones v. Sparta Cmnty. Hosp.*, 716 F. Appx. 547, 547 (7th Cir. 2018).

The Bussas seek to amend their complaint to assert that, around the time of the accident, Mr. Singh falsified his driving records and thus, on the date of the accident, was driving in excess of allowable hours in violation of the Federal Motor Carrier Safety Regulations. They also wish to plead that multiple

cautionary signs alerted Mr. Singh that he was entering a construction zone. They say, in deposition, an Indiana police sergeant testified that Mr. Singh was "distracted or not attentive to the traffic conditions" concerning the construction zone and that he received a citation for following too closely. Further, the original complaint pleads that Mr. Singh "was grossly negligent and engaged in willful misconduct" leading up to the accident [1 ¶ 20].

Although certain of these facts may just suggest negligence for which punitive damages would not be recoverable, the court cannot say a driver who purposefully falsifies driving records and thereafter drives in excess of allowable hours (with the other conduct alleged) could not be plausibly willful and wanton, or even grossly negligent. To recover punitive damages, there must be clear and convincing evidence that a defendant acted with malice, fraud, gross negligence, or willful and wanton misconduct. *See Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993); *Orkin Exterminating Co. v. Traina*, 486 N.E.2d 1019, 1023 (Ind. 1986), *abrogated on other grounds by Bud Wolf Chevrolet, Inc. v. Robertson*, 519 N.E.2d 135, 136 (Ind. 1988); *see also Buroker v. Brown*, 172 N.E.2d 849, 851 (Ind. 1961) ("Willful and wanton misconduct consists of the conscious and intentional doing of a wrongful act or omission of a duty, with reckless indifference to consequences, under circumstances [that] show that the doer has knowledge of existing conditions and that injury will probably result."). An amended pleading, particularly appreciating that Mr. Singh's deposition was anticipated recently (and after this briefing), may well be able to adumbrate a request for punitive damages against him.

This seems a more strained exercise against Cali if all there is to allege is that the brakes on the semitruck were out of service at the time of the accident. But then again, it seems the parties have reached an accord as it concerns the owner's liability claim, and an amended complaint likewise permits this claim to be excised in accordance with the agreement of the parties. It also permits the plaintiff to remove a negligent entrustment claim. An amended pleading typically moots a Rule 12 motion. For these reasons,

and because the law prefers that cases be resolved on their merits, *Snyder v. Barry Realty, Inc.*, 60 F. App'x 613, 614 (7th Cir. 2003), leave to amend is appropriate.

## CONCLUSION

The court AFFORDS the Bussas leave to amend their complaint [51] by October 15, 2024, and DENIES the motions for partial judgment on the pleadings [47] and dismissal for failure to state a claim [48], with leave to renew, if necessary, following the amended pleading.

SO ORDERED.

October 1, 2024                                                       *s/ Damon R. Leichty*
                                                                      Judge, United States District Court